1   Leemore Libesman (State Bar No. 221969)
    HOLME ROBERTS & OWEN LLP
2   777 South Figueroa Street, Suite 2800
    Los Angeles, CA  90017-5826
3   Telephone:   (213) 572-4300
    Facsimile:   (213) 572-4400
4   E-mail: Leemore.Libesman@hro.com

5   Attorney for Plaintiffs
    LOUD RECORDS, LLC; LONDON-SIRE RECORDS INC.;
6   BMG MUSIC; MAVERICK RECORDING COMPANY;
    ARISTA RECORDS LLC; ELEKTRA ENTERTAINMENT
7   GROUP INC.; FONOVISA, INC.; CAPITOL RECORDS,
    INC.; INTERSCOPE RECORDS; ATLANTIC RECORDING
8   CORPORATION; SONY BMG MUSIC ENTERTAINMENT;
    LAVA RECORDS LLC; UMG RECORDINGS, INC.;
9   MOTOWN RECORD COMPANY, L.P.; and VIRGIN
    RECORDS AMERICA, INC.
10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13  LOUD RECORDS, LLC, a Delaware         Case No.: C 06-01580-CW
    corporation; LONDON-SIRE RECORDS INC.,
14  a Delaware corporation; BMG MUSIC, a New   Honorable Claudia Wilken
    York general partnership; MAVERICK
15  RECORDING COMPANY, a California joint   **OPPOSITION TO MARGARET**
    venture; ARISTA RECORDS LLC, a Delaware  **COFFMAN'S MOTION TO QUASH**
16  limited liability company; ELEKTRA       **SUBPOENA SERVED ON SBC**
    ENTERTAINMENT GROUP INC., a Delaware   **INTERNET SERVICES, INC.**
17  corporation; FONOVISA, INC., a California
    corporation; CAPITOL RECORDS, INC., a
18  Delaware corporation; INTERSCOPE
    RECORDS, a California general partnership;
19  ATLANTIC RECORDING CORPORATION, a
    Delaware corporation; SONY BMG MUSIC
20  ENTERTAINMENT, a Delaware general
    partnership; LAVA RECORDS LLC, a
21  Delaware limited liability company; UMG
    RECORDINGS, INC., a Delaware corporation;
22  MOTOWN RECORD COMPANY, L.P., a
    California limited partnership; and VIRGIN
23  RECORDS AMERICA, INC., a California
    corporation,
24
25                          Plaintiffs,
26          v.
    Does 1-250
27
                            Defendants.
28

# I.   **INTRODUCTION**

Plaintiffs respectfully file this opposition to Defendant's motion to quash a subpoena[1] issued by Plaintiffs to SBC Internet Services, Inc. ("SBC"). For the reasons discussed below, Defendant's motion should be denied and SBC should be permitted to respond to the subpoena.

Defendant's motion to quash asks this Court to immunize her from liability for violating Plaintiffs' copyrights. Plaintiffs have gathered substantial evidence showing that each of the Doe Defendants in this case is a significant copyright infringer. However, Plaintiffs cannot pursue their claims – in this or any court – until they know who the Doe Defendants are, and unless they can link each Defendant to the evidence of copyright infringement gathered against that Defendant. The discovery that this Court has expressly authorized is directed toward identifying the defendants and linking each defendant to Plaintiffs' evidence of copyright infringement so that Plaintiffs' claims can proceed. In the instant case, Plaintiffs already know Defendant's identity, but cannot yet link Defendant to the evidence of copyright infringement Plaintiffs have gathered against her. Since SBC's subpoena response will identify each Doe Defendant with reference to the Internet Protocol ("IP") address and other information Plaintiffs provided to SBC for each Doe, SBC's response to the subpoena is necessary to link Defendant to the evidence of copyright infringement that Plaintiffs have gathered. For this reason, if the Court were to grant Defendant's motion, this case would be over before it began.

Although Defendant cites various grounds in support of her motion to quash, none of these grounds constitutes a valid basis for quashing a subpoena. Defendant invokes the First and Fourth Amendments and alleges that the suit is frivolous and lacks merit. As addressed below, a subpoena response by SBC that identifies Defendant does not in fact violate Defendant's rights under the First or the Fourth Amendment. Defendant's contention that the suit is frivolous also lacks merit, as the section below, providing background information on this case, demonstrates that Plaintiffs have considerable evidence that Defendant has infringed Plaintiffs' copyrights.

---

[1] Although Defendant styles her motion as a "Motion to Quash Production of Discovery and For Protection," the motion merely seeks to quash the subpoena as to Defendant and to prevent the disclosure of Defendant's personal information by SBC. For this reason, Plaintiffs refer to the Defendant's motion as a motion to quash the subpoena served on SBC.

#2130 v1

1   Accordingly, neither the First and Fourth Amendments nor Defendant's contention that the suit

2   lacks merit provide a valid basis for quashing the subpoena.  Finally, Defendant's statement

3   denying that she has infringed any of Plaintiffs' copyrights by sharing or downloading copyright

4   works simply has no bearing at all on whether SBC may respond to the subpoena.

5   **II.   BACKGROUND**

6         The Court is familiar with the background of this case.  Plaintiffs are major recording

7   companies who own copyrights in sound recordings.  Collectively, they face a massive problem of

8   digital piracy over the Internet.  Every month, copyright infringers unlawfully disseminate billions

9   of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P")

10  networks.  *See* Request for Judicial Notice, filed concurrently with Plaintiffs' Motion for

11  Administrative Relief for Leave to Take Immediate Discovery ("Motion for Immediate

12  Discovery") on March 22, 2006, Exh. 31 (Lev Grossman, *It's All Free*, Time, May 5, 2003).  As a

13  direct result of piracy on P2P networks, Plaintiffs have sustained and continue to sustain

14  substantial financial losses.

15        P2P users who disseminate (upload) and copy (download) copyrighted material violate the

16  copyright laws.  *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001);

17  *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069

18  (2004).  Copyright infringement over P2P networks is widespread, however, because users can

19  conceal their identities by means of an alias.  Copyright owners can observe infringement

20  occurring on P2P networks, but cannot (without assistance) identify the true names and locations

21  of the infringers.

22        All of the defendants in this case, including Defendant here, are active participants on a

23  P2P network.  As such, Defendant offered copyrighted sound recordings for others to download

24  and apparently has downloaded copyrighted sound recordings from other users of the P2P

25  network.  Plaintiffs discovered the defendants openly disseminating sound recordings whose

26  copyrights are owned by Plaintiffs.  By logging onto the P2P network, Plaintiffs viewed the files

27  that defendants were offering to other users.  Plaintiffs provided in their Complaint a list of several

28  copyrighted sound recordings that each defendant disseminated without authorization.  *See* Exhibit

1   A to the Complaint.  That list, however, is a small subset of the copyrighted sound recordings that

2   each defendant is unlawfully disseminating.  As explained in the Declaration of Jonathan

3   Whitehead ("Whitehead Decl."), filed in support of Plaintiffs' Motion for Immediate Discovery,

4   each defendant was offering hundreds of additional copyrighted sound recordings owned by

5   various of the Plaintiffs without authorization.  *See* Whitehead Decl. ¶ 16.  Plaintiffs provided the

6   Court, as an example, a detailed list of the hundreds of files being distributed by three of the

7   defendants; this list is a series of "screen shots" showing the copyrighted works that the defendants

8   were disseminating to other users.  *See* Whitehead Decl., Exh. 1.  Plaintiffs also submitted a sworn

9   declaration that they possess virtually identical evidence for each of the other defendants,

10  including this Defendant.  *See* Whitehead Decl. ¶ 17.

11       Although Plaintiffs gathered substantial evidence of the illegal conduct, they could not

12  ascertain the name, address, or any other contact information for the defendants.  *Id.* ¶ 16.

13  Plaintiffs could, however, identify the IP address from which each defendant was unlawfully

14  disseminating Plaintiffs' copyrighted works.  SBC maintains logs that match IP addresses with

15  their users' computers.  *Id.* ¶¶ 14, 16.  By looking at its IP address logs, SBC can match the IP

16  address, date, and time with the computer that was using the IP address when Plaintiffs observed

17  the infringement.  Thus, SBC – and only SBC – can provide information to determine the identity

18  of the Defendant and to link each individual defendant to the IP address provided to SBC by

19  Plaintiffs.  This link is necessary because without information linking the Defendant's name to an

20  IP address, Plaintiffs cannot link the evidence gathered against Defendant with the Defendant's

21  name in order to pursue a lawsuit against Defendant.

22       This Court granted Plaintiffs leave to conduct immediate discovery to learn the identities of

23  defendants on April 10, 2006.  Plaintiffs then served the Rule 45 subpoena on SBC, which

24  apparently notified Defendant that Plaintiffs sought her identity in connection with this lawsuit.

25  Defendant filed this motion on June 9, 2006.

26  / / /

27  / / /

28  / / /

OPPOSITION TO MARGARET COFFMAN'S MOTION TO QUASH SUBPOENA
Case No. C06-1580 CW

#2130 v1

1

2  III.   **ARGUMENT**

3      A.   **Defendant's Arguments Do Not Provide A Proper Basis On Which To Quash**

4           **A Rule 54 Subpoena**

5           Rule 45(c)(3) specifies four grounds on which a subpoena may be quashed.  Specifically, a

6  subpoena may be quashed if: (1) it fails to allow reasonable time for compliance; (2) requires a

7  person who is not a party to travel to a place more than 100 miles from the place where that person

8  resides; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to

9  undue burden.  Fed. R. Civ. P. 45(c)(3).  Defendant fails to identify any basis under Rule 45(c)(3)

10 on which she is moving to quash the subpoena.  For this reason alone Defendant's motion should

11 be denied.  Should the Court decide to consider Defendant's arguments, however, Plaintiffs

12 address each argument in turn in the following sections.

13      B.   **Defendant's Denial Of Plaintiffs' Allegation Is Not A Valid Reason For**

14           **Quashing The Subpoena**

15           As noted above, Defendant's bare statement that she denies the allegations of Plaintiffs'

16 Complaint do not impact the determination of whether or not to quash the subpoena.  Indeed,

17 Defendant's mere denial of Plaintiffs' allegations does not fall into one of the four enumerated

18 categories that constitute valid grounds for quashing a Rule 45 subpoena, and Defendant does not

19 cite any legal authority to the contrary.  Accordingly, Defendant's motion should be denied.

20      C.   **Defendant's First Amendment Argument Lacks Merit Because The First**

21           **Amendment Does Not Shield Copyright Infringers From Disclosure**

22           Although the Supreme Court has clearly stated that the First Amendment protects

23 anonymous speech and that this protection extends to the Internet, it has also clearly held that the

24 First Amendment does not protect individuals from claims of copyright infringement.  *See, e.g.,*

25 *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555-56 (1985); *Universal City*

26 *Studios, Inc. v. Remeirdes*, 82 F. Supp. 2d 211, 220 (S.D.N.Y. 2000) (Stating that the "Supreme

27 Court ... has made it unmistakably clear that the First Amendment does not shield copyright

28 infringement.").  Case law indicates that the First Amendment does not provide a basis for

#2130 v1

1    quashing a subpoena aimed at obtaining a copyright defendant's identifying information from an

2    ISP because the right of copyright holders to protect their copyrights outweighs the minimal

3    privacy expectation that users of P2P websites have. *See, e.g., Sony Music Entertainment, Inc. v.*

4    *Does 1-40*, 326 F. Supp. 2d 556, 562 (S.D.N.Y. 2004). Here, as the case involves claims of

5    copyright infringement, and as the subpoena Plaintiffs served on SBC is aimed at obtaining

6    copyright defendants' identifying information, the Supreme Court's determination that the First

7    Amendment does not provide a shield for defendants in copyright suits leads to the conclusion that

8    the First Amendment does not provide a valid reason for quashing the subpoena and withholding

9    Defendant's identifying information.

10    **D.      Defendant's Fourth Amendment Argument Lacks Merit Because Isp**

11    **Subscribers Who Turn Over Their Personal Information Have No Reasonable**

12    **Expectation Of Privacy In That Information**

13    The Fourth Amendment also does not provide a basis for quashing the subpoena, as

14    Defendant contends, because Plaintiffs' request for information from SBC does not constitute

15    governmental action. *See, e.g., Lugar v. Edmonson Oil Company*, 457 U.S. 922, 935 (1982)

16    (Explaining that for the Fourth Amendment's privacy rights to apply, there must be some type of

17    governmental action.). Furthermore, even if the Court were to find that Plaintiffs' use of a

18    subpoena constitutes governmental action for purposes of the Fourth Amendment, the Supreme

19    Court has repeatedly held that no reasonable expectation of privacy exists where a person has

20    voluntarily disclosed his or her personal information to third parties. *Smith v. Maryland*, 442 U.S.

21    735, 743-44 (1979) (Stating that "there is no legitimate expectation of privacy in information

22    voluntarily turn[ed] over to third parties."); *U.S. v. Miller*, 425 U.S. 435, 443 (1976) ("This Court

23    has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information

24    revealed to third parties ... even if the information is revealed on the assumption that it will be used

25    only for a limited purpose and the confidence placed in the third party will not be betrayed.").

26    In the case at hand, SBC is a third party to whom Defendant has voluntarily turned over his

27    private information, including his name, address and telephone number. Accordingly, Defendant

28    does not have a reasonable expectation of privacy in that information. *See Smith*, 442 U.S. at 743-

6

OPPOSITION TO MARGARET COFFMAN'S MOTION TO QUASH SUBPOENA
Case No. C06-1580 CW

#2130 v1

1   44; *see also Miller*, 425 U.S. at 442. Several courts which have addressed this precise issue have

2   held that a subscriber has no reasonable expectation of privacy regarding information he or she has

3   voluntarily turned over to an ISP. *See, e.g., Guest v. Leis*, 255 F.3d 325, 335-36 (6th. Cir. 2001);

4   *U.S. v. Hambrick*, 2000 U.S. App. LEXIS 18665 (4th. Cir. Aug. 3, 2000); *U.S. v. Kennedy*, 81 F.

5   Supp. 2d 1103, 1110 (D. Kan. 2000) ("When defendant entered into an agreement with [the ISP]

6   for internet service, she knowingly revealed all information connected to [his IP address]. She

7   cannot now claim to have a Fourth Amendment privacy interest in his subscriber information.").

8   These decisions, coupled with the Supreme Court precedent establishing that individuals have no

9   reasonable expectation of privacy in information voluntarily turned over to a third party, mandate

10  the conclusion that the Fourth Amendment does not constitute a valid basis for quashing the

11  subpoena in this case.

12  **IV.   CONCLUSION**

13          For the reasons noted above, Defendant's Motion to Quash the subpoena served on SBC

14  should be denied in its entirety, and SBC should be directed to comply with the discovery order

15  and release the identifying information of all the Doe defendants to this suit, including Defendant.

16

17  Dated:    June 16, 2006                    Respectfully submitted,

18                                             LEEMORE LIBESMAN
                                               HOLME ROBERTS & OWEN LLP
19

20                                             By:      */s/ Leemore Libesman*

21                                                   Leemore Libesman
                                                     Attorney for Plaintiffs
22                                                   LOUD RECORDS, LLC; LONDON-SIRE
                                                     RECORDS INC.; BMG MUSIC; MAVERICK
23                                                   RECORDING COMPANY; ARISTA RECORDS
                                                     LLC; ELEKTRA ENTERTAINMENT GROUP
24                                                   INC.; FONOVISA, INC.; CAPITOL RECORDS,
                                                     INC.; INTERSCOPE RECORDS; ATLANTIC
25                                                   RECORDING CORPORATION; SONY BMG
                                                     MUSIC ENTERTAINMENT; LAVA RECORDS
26                                                   LLC; UMG RECORDINGS, INC.; MOTOWN
                                                     RECORD COMPANY, L.P.; and VIRGIN
27                                                   RECORDS AMERICA, INC.

28

#2130 v1